UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY,

Plaintiff,

-against-

GIORGIO ARMANI CORPORATION,

Defendant.

**ORDER GRANTING MOTION TO DISMISS**

19 Civ. 10494 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff First Reliance Standard Life Insurance Company ("First Reliance" or "Plaintiff") brings claims for equitable indemnity and contribution under the Employee Retirement Income Security Act ("ERISA"). Defendant Giorgio Armani Corporation ("Armani" or "Defendant") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff's claims are barred by the doctrine of res judicata. The Central District of California already dismissed, under Rule 12(b)(6), a suit identical to the instant action. For that reason, as discussed in more detail below, this action must be dismissed.

**BACKGROUND[1]**

This action concerns litigation over life insurance coverage for Andrew Cho ("Mr. Cho"), the late husband of an Armani employee.

[1] Unless otherwise noted, all facts are taken from the complaint, whose allegations I assume to be true for purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007).

## I. The Policy

First Reliance issued Voluntary Group Term Life Policy number VG 183839 (the "Policy") to Armani, allowing Armani to provide life insurance to eligible employees and their eligible dependents. Eligible employees could elect between $10,000 and $500,000 in coverage for a spouse. Any eligible persons who applied for coverage were entitled to a Guaranteed Issue Amount. For the spouse of an eligible employee, the Guaranteed Issue Amount was $50,000. Any amount beyond that required approval by First Reliance. To gain such approval, the eligible employee had to prove the insured individual was in good health by submitting an Evidence of Insurability or Proof of Good Health form.

Armani elected to act as Administrator of the Policy. This meant that Armani was responsible for providing coverage election materials and policy information to Armani employees, collecting proof of good health, maintaining enrollment records, collecting premiums, and other administrative matters.

Non-party Soohyun Cho ("Mrs. Cho") is an Armani employee. Approximately two months after Mrs. Cho's husband, Mr. Cho, was diagnosed with pancreatic cancer, Armani held an open enrollment for life insurance coverage. Mrs. Cho elected coverage under the Policy for Mr. Cho. Armani never collected an Evidence of Insurability or Proof of Good Health form from Mrs. Cho. As a result, First Reliance never approved the coverage. Armani asserts that it never would have approved coverage for Mr. Cho because he was not in good health.

Mr. Cho passed away on June 28, 2017. Mrs. Cho submitted a claim to First Reliance for $500,000. While it was processing the claim, First Reliance asked Armani multiple times for the relevant enrollment forms. Armani could not provide them. Armani indicated that

Mrs. Cho was entitled to only $50,000, the Guaranteed Insurance Amount, because the Evidence of Insurability form was not on file. First Reliance paid Mrs. Cho $50,000.

## II. Central District of California Litigation

Mrs. Cho filed a lawsuit against First Reliance in the U.S. District Court for the Central District of California. *See Cho v. First Reliance Standard Life Ins. Co.*, No. 2:18-cv-04132-MWF-SK (C.D. Cal.).[2] Mrs. Cho sought $500,000, the full amount of her life insurance claim. First Reliance impleaded Armani, bringing a third-party complaint for equitable indemnity and contribution, alleging that Armani breached its obligations as Administrator to collect the necessary enrollment and coverage information from Mrs. Cho.[3] *See First Reliance Standard Life Ins. Co. v. Giorgio Armani Corp.*, No. 8:18-cv-04132-MWF-SK (C.D. Cal.) (the "Third-Party Action").[4]

The Court dismissed the Third-Party Action for failure to state a claim, and denied leave to amend. *See Cho v. First Reliance Standard Life Ins. Co.*, No. CV 18-4132-MWF (SKx), 2019 WL 3243723 (C.D. Cal. Apr. 8, 2019).[5] It held, under Ninth Circuit precedent, that "[a] claim for contribution or equitable indemnification under ERISA by one co-fiduciary (*i.e.*, First Reliance) against another co-fiduciary (*i.e.*, Armani) is not cognizable." *Id.* at *1. As held in *Kim v. Fujikawa*, "'Congress did *not* intend to authorize other remedies [under ERISA] that it simply forgot to incorporate expressly'" and, thus, the "contention that Congress implicitly

---

[2] Mrs. Cho's complaint is annexed as Exhibit B to Armani's motion to dismiss in this action. ECF No. 11-5.

[3] The complaint in this action does not mention the Third-Party Action in the Central District of California. Instead, the existence of the Third-Party Action was revealed in Armani's motion to dismiss and supporting documents. I take judicial notice of documents filed in the Third-Party Action. *See Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321 (S.D.N.Y. 2015). I take judicial notice "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

[4] First Reliance's third-party complaint is annexed as Exhibit C to Armani's motion to dismiss in this action. ECF No. 11-6.

[5] The district court decision is also annexed as Exhibit A to Armani's motion to dismiss in this action. ECF No. 11-4.

intended to allow a cause of action for contribution under ERISA" must be rejected, and particularly so for a contribution claim brought by a fiduciary. 871 F.2d 1427, 1432-33 (9th Cir. 1989) (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985)).

**III. The Present Action**

Following dismissal of the Third-Party Action, First Reliance filed the instant action. The complaint in this action is nearly identical to the one that was dismissed in the Third-Party Action. First Reliance asserts in the complaint that the Second Circuit, unlike the Ninth Circuit, "recognizes claims under ERISA for contribution and indemnity against a co-fiduciary." Compl. ¶ 49 (citing *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236 (2d Cir. 2002)). Armani now moves to dismiss, arguing this case is barred by the doctrine of res judicata.

**DISCUSSION**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is the role of the Court to "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Met. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).

"A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). The following analysis is limited to the

complaint in this action and judicial documents in the Third-Party Action, of which I take judicial notice.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To show that an action is barred by the doctrine of res judicata, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).

Plaintiff does not dispute that the second and third elements are met here. The Third-Party action involved the same facts, legal claims, and parties as the present action. Indeed, the complaints are virtually identical. The only point of contention is whether the dismissal of the Third-Party Action was an adjudication on the merits.

The parties spend much of their briefing on whether this Court should apply the res judicata rules of the Second Circuit or of the Ninth Circuit. Parsing this issue is unnecessary, as both Circuits agree on the key point, that a dismissal for failure to state a legally sufficient claim for relief under Rule 12(b)(6) serves as a final judgment on the merits for claim preclusion purposes. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("[T]he dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects."); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (reaffirming that a dismissal under Rule 12(b)(6) is a judgment on the merits and declining to "look past the label of the dismissal and examine the substance of the decision").

Plaintiff argues that the res judicata rules of the Second Circuit are distinct because the Second Circuit has held that "where a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice, a subsequent action for damages will not normally be barred by res judicata even where it arises from the same factual circumstances as the initial action." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) ("[B]ar against later claims based upon the same cause of action is . . . subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation."). According to Plaintiff, the Ninth Circuit's minority approach, which excludes ERISA contribution and indemnity claims between co-fiduciaries, serves as a formal statutory barrier. Thus, Plaintiff says, under Second Circuit res judicata rules, the dismissal of the Third-Party Action was not a final judgment on the merits.

Plaintiff is incorrect. Plaintiff ignores a key distinction between the present case and the cases it cites. In *Burgos* and *Davidson*, the Second Circuit was considering the preclusive effect of state proceedings. *Davidson*, 792 F.2d at 278 ("Mindful of these principles of New York law, we turn to our consideration of what claim-preclusive effect in this case a New York court would afford the judgment . . . ."); *see also Burgos*, 14 F.3d at 792. By contrast, "[t]he preclusive effect of a federal-court judgment," which we have here, "is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "For judgments in federal-question cases[,] . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata." *Id.* (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).

As discussed above, the Second Circuit, when applying federal common law, agrees that a federal court's dismissal of a federal question case pursuant to Rule 12(b)(6) serves

as a final judgment on the merits for claim preclusion purposes. *See, e.g.*, *Teltronics Servs., Inc. v. L M Ericsson Telecomms., Inc.*, 642 F.2d 31, 34-35 (2d Cir. 1981). Plaintiff does not cite any Second Circuit authority that contradicts this rule.

Thus, all of the elements of the doctrine of res judicata are satisfied. Plaintiff cannot now bring a case in the Southern District of New York that is identical to the case it already lost in the Central District of California.

**CONCLUSION**

Defendant's motion to dismiss, ECF No. 11, is granted with prejudice. The Clerk shall enter judgment for Defendant and close the case.

SO ORDERED.

Dated: June 4, 2020
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge