UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
FIRST RELIANCE STANDARD LIFE                                   :
INSURANCE COMPANY,                                             :
                                                               :      **ORDER DENYING MOTION**
                Plaintiff,     :      **FOR RECONSIDERATION AND**
                                                               :      **MOTION FOR ATTORNEYS'**
    -against-                                               :      **FEES**
                                                               :
GIORGIO ARMANI CORPORATION,                                    :      19 Civ. 10494 (AKH)
                                                               :
                Defendant.     :
                                                               :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        I previously dismissed Plaintiff First Reliance Standard Life Insurance Company's ("First Reliance" or "Plaintiff") claims against Defendant Giorgio Armani Corporation ("Armani" or "Defendant") for equitable indemnity and contribution under the Employee Retirement Income Security Act ("ERISA"), finding this action was barred by the doctrine of res judicata. Plaintiff now moves for reconsideration of that decision, and Defendant moves for attorneys' fees. For the reasons detailed herein, both motions are denied.

## BACKGROUND

        The relevant factual and procedural history is detailed in my order granting Defendant's motion to dismiss and need not be repeated in detail here. *See* Order Granting Motion to Dismiss (June 4, 2020), ECF No. 15 (the "Order"). To summarize briefly, non-party and Armani employee Soohyun Cho ("Mrs. Cho") filed a claim with First Reliance for $500,000 in life insurance benefits following the death of her husband Andrew Cho. First Reliance only paid Mrs. Cho $50,000, concluding she had never completed the necessary paperwork to gain approval for coverage above the Guaranteed Issue Amount of $50,000. Mrs. Cho filed suit

1

against First Reliance in the Central District of California.  First Reliance impleaded Armani, alleging that Armani breached its obligations as Administrator of its employee's life insurance plan by failing to collect paperwork from Mrs. Cho and ensure that she gained approval for her desired coverage.  *See First Reliance Standard Life Ins. Co. v. Giorgio Armani Corp.*, No. 8:18-cv-04132-MWF-SK (C.D. Cal.) (the "Third-Party Action").  The District Court for the Central District of California dismissed the Third-Party Action with prejudice for failure to state a claim, holding that "[a] claim for contribution or equitable indemnification under ERISA by one co-fiduciary (*i.e.*, First Reliance) against another co-fiduciary (*i.e.*, Armani) is not cognizable."  *See Cho v. First Reliance Standard Life Ins. Co.*, No. CV 18-4132-MWF (SKx), 2019 WL 3243723, at \*1 (C.D. Cal. Apr. 8, 2019).  The Court relied on Ninth Circuit case law interpreting ERISA and its purpose.

After the Third-Party Action failed in the Central District of California, First Reliance filed a nearly identical suit in this District, where the law is purportedly more favorable.  In the Order, I dismissed the new action under the doctrine of res judicata.  Under federal common law, a dismissal under Rule 12(b)(6) for failure to state a claim for relief is a final judgment on the merits for claim preclusion purposes.  *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).  I rejected Plaintiff's reliance on *Burgos v. Hopkins* and other cases holding that there is an exception to this rule "where a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice."  14 F.3d 787, 790 (2d Cir. 1994).  As I noted, the cases Plaintiff cited for that exception were cases applying state rules of res judicata to determine the preclusive effect of state proceedings.

Following the Order, Plaintiff filed a motion for reconsideration. Defendant filed a motion for attorneys' fees, arguing the present suit was a frivolous attempt to relitigate a case already decided by the Central District of California.

## DISCUSSION

### I. Motion for Reconsideration

Under Local Civil Rule 6.3, a motion for reconsideration must set forth "matters or controlling decisions which counsel believes the Court has overlooked." "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). "A motion for reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (internal citations omitted).

In its motion, Plaintiff relies in part on the same arguments made in response to Defendant's motion to dismiss. In arguing again that *Burgos* applies here, Plaintiff continues to discount the fact that *Burgos* was applying state claim preclusion rules, while the present action requires application of federal claim preclusion rules. *See Burgos*, 14 F.3d at 792. Even if state and federal claim preclusion rules are generally consistent, Plaintiff cites no authority for the proposition that state rules are controlling here.

Plaintiff cites case law not previously cited to argue that, even under federal common law, a dismissal with prejudice under Rule 12(b)(6) is not necessarily a dismissal on the merits. The new case law is also inapposite. In *Marvel Characters, Inc. v. Simon*, the Court held that claims based on the same conduct at issue in a previously dismissed suit were not barred by res judicata because the claims asserted in the new action were "plainly distinct." 310 F.3d 280, 287-88 (2d Cir. 2002). Indeed, the new claims were based on rights that had not even existed at the time of the prior suit. *Id.* ("[N]either the extended copyright term nor the termination right existed at the time of the Prior Actions. Indeed, the termination right is an entirely new and wholly separate right than the renewal right. Hence, the Prior Actions could not have resolved the question of whether Simon was entitled to termination rights in the extended copyright term."); *see also Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) ("While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."). In the case of First Reliance, no new facts or change in the law arose to allow a claim that was previously nonexistent. The Ninth Circuit and Second Circuit simply interpret the same statutory scheme differently, and Plaintiff thought it would have a better chance with the same claims in this Circuit.

Finally, Plaintiff makes two new arguments not advanced in opposition to the motion to dismiss: First, Plaintiff argues that this action is distinct from the Third-Party Action because the complaint includes the assertion, not included in the Third-Party Action, that, "[u]pon information and belief, there may be other individuals" improperly enrolled by Armani, and Plaintiff's requested relief includes an order "requiring GAC to properly administer the Plan." Compl., ECF No. 1, at 10-11. Second, Plaintiff argues that the Court cannot apply res

4

judicata inflexibly when doing so would lead to injustice. However, "a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 362-63 (S.D.N.Y. 2005) (internal quotation marks omitted). Therefore, I do not consider these new arguments. *Id*. Plaintiff's motion for reconsideration is denied.

## II. Motion for Attorneys' Fees

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). To obtain fees under this provision, first, a "claimant must show some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (internal quotation marks omitted). To channel their discretion, courts in this Circuit also generally consider the factors discussed in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987):

> the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt*, 560 U.S. at 249 n.1). While no factor is dispositive, the culpability/bad faith and merits factors "weigh heavily." *Id.* at 47.

It is undisputed that Defendant has achieved some degree of success on the merits and is therefore eligible for a fee award. Turning to the *Chambless* factors, though I ultimately rejected Plaintiff's analysis of claim preclusion law, I cannot conclude that Plaintiff acted in bad faith or with culpability. This is not a case where Plaintiff brazenly refiled the same suit without

any colorable argument derived from case law.  Plaintiff had a basis—albeit an incorrect one—for arguing this suit should not be barred.  As to the second factor, Plaintiff, a large insurance company, acknowledges that it can withstand a judgment for attorneys' fees.  Third, Defendant correctly argues that a fee award would deter forum shopping by other litigants.  The fourth factor is neutral, as Defendants' position in this suit confers no benefit on participants and beneficiaries of the ERISA plan, nor does it address a significant legal question regarding ERISA itself.  Defendant argues that a fee award is in the best interest of plan beneficiaries because expenses from suits like this one are otherwise pushed onto plan beneficiaries, but that connection is tenuous at best.

       Finally, as to the relative merits of the parties' positions, Defendant clearly prevailed in achieving complete dismissal of Plaintiff's claims.  However, I also recognize that, because of res judicata, I never reached the merits of Plaintiff's underlying claims.  I cannot say whether Plaintiff's allegations were baseless.  Furthermore, even where "[a defendant's] arguments prevailed, [a plaintiff's] losing claims should be considered in the context of the absence of culpability or bad faith as determined in assessing the first factor."  *Mahoney v. J.J. Weiser & Co.*, 646 F. Supp. 2d 582, 586 (S.D.N.Y. 2009).

       Taking these factors together, I conclude that an award of attorneys' fees is not appropriate.  Plaintiff made good faith but unsuccessful arguments.  Further, it brought suit in part to address Defendant's allegedly deficient performance in administering a benefit plan, which is a worthy goal that, if successful, could have benefited many other insured individuals.  In addressing requests for fees under ERISA, courts are mindful that "the purpose of ERISA [is] to promote the interests of plan beneficiaries and allow them to enforce their statutory rights."

*Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (quoting *Jones v. O'Higgins*, 736 F. Supp. 1243, 1245 (N.D.N.Y.1990)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration, ECF No. 22, is denied. Defendant's motion for attorneys' fees, ECF No. 17, is denied as well. The Clerk is directed to terminate both motions. The case shall remain closed.

SO ORDERED.

Dated: September 29, 2020      /s/ Alvin K. Hellerstein
       New York, New York      ALVIN K. HELLERSTEIN
                               United States District Judge